IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AUDRAY JOHNSON
AND LINDA F. JOHNSON                                                              PLAINTIFFS

VS.                                           CIVIL ACTION NO. 3:14-CV-635-HTW-LRA

PATTY PECK HONDA AND
SANTANDER CONSUMER, USA                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 13, 2014, Audray and Linda Johnson [Plaintiffs] filed a Complaint [1] in this Court charging Defendants with violating the Consumer's Protection Act and the Americans with Disabilities Act regarding their purchase of a vehicle. According to Plaintiffs, they are both disabled due to mental disabilities, and Plaintiff Linda Johnson also has a heart condition. Plaintiffs charge that the Patty Peck salesman was aware of these disabilities when he sold them a vehicle. Plaintiffs also filed an Application to Proceed in District Court Without Prepaying Fees or Costs [2], requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915, and a Motion for Recusal [3]. This Court denied the motion for recusal on December 18, 2014 [6]. This Court has previously denied Plaintiffs' request to proceed without paying costs in an earlier case, *Johnson v. Springleaf Financial,* 3:12cv294-HTW-LRA.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiffs are not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiffs, who have college educations, own a home

valued at $85,000 and a 2001 Honda Civic vehicle. They have a checking account which currently has a negative balance of $1,200 in overdrafts, as well as a savings account with a zero balance. Their current expenses are listed as $2,669, and they support a 20 year old daughter and a two year old granddaughter.

Plaintiffs are disabled. However, they receive monthly disability payments in the combined amount of $2,000 ($1100 for Mr. Johnson and $900 for Mrs. Johnson). Additionally, Mr. Johnson is employed by Jackson Public Schools on a part-time basis and earns an additional $550 per month. Mrs. Johnson anticipates earning an additional $200 per month. Their combined regular monthly income is approximately $2,750, which is above their listed monthly expenses.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiffs, particularly the fact that they receive regular monthly disability payments, and own a home and a car, the undersigned finds that they could pay filing costs without undue financial hardship if given 30 days to pay the filing fees.  They will not be rendered destitute by paying the filing fees in 30 days, as they do have a place to reside, a motor vehicle, and a monthly income.

Because they will not be barred from the federal courts due to their lack of financial resources, it is the recommendation of the undersigned that Plaintiffs' motion to proceed *in forma pauperis* be denied.  Plaintiffs should be given 30 days to pay the filing fees in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before **February 23, 2015.**  If Plaintiffs do not object to this recommendation, but do not pay the filing fees by February 23, 2015, this case should be dismissed without prejudice with no further notice to Plaintiffs.

Plaintiffs are referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiffs shall pay the full filing fees in this case on or before **February 23, 2015,** unless they appeal this recommendation to the district judge**. They are advised that their Complaint will be dismissed without prejudice after February 23, 2015, without further notice, if the filing fees are not paid.**

THIS the 22nd day of January 2015.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE